**BEACH TV PROPERTIES, INC.,**
Formerly known as the Atlanta
Channel, Inc., Appellant,

v.

**FEDERAL COMMUNICATIONS
COMMISSION, Appellee.**

Nos. 14–1229, 14–1230.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 23, 2015.

William James MacNaughton, W. James MacNaughton, Esq., Newton, NJ, for Appellant.

Sarah Elizabeth Citrin, Jacob M. Lewis, Richard Kiser Welch, Federal Communications Commission (FCC) Office of General Counsel, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, KAVANAUGH, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal from the order of the Federal Communications Commission ("FCC") was considered on the record and the briefs from the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the FCC be affirmed.

assistance in briefing and arguing this case.

Beach TV challenges the FCC's decision that its certification of eligibility for a Class A License under the Community Broadcasters Protection Act of 1999, 47 U.S.C. § 336(f), was materially deficient and that its amended certification was untimely. On its original certification form, Beach TV (formerly The Atlanta Channel) did not check any of the four boxes that would indicate its eligibility for a Class A License. It then submitted an amended certification form months after the statutory deadline. The Commission affirmed the dismissal of Beach TV's certification and denied its subsequent Petition for Reconsideration. Beach TV now appeals those orders.

Three of Beach TV's claims are jurisdictionally barred, two are procedurally TV's arguments that the FCC unlawfully failed to publish rules pursuant to 5 U.S.C. § 552, that the FCC failed to promulgate those rules pursuant to 5 U.S.C. § 553, and that these rules were impermissibly retroactive. Beach TV failed to raise those arguments at any stage of the administrative adjudication. 47 U.S.C. § 405(a) precludes judicial review of issues "upon which the Commission ... has been afforded no opportunity to pass." *Globalstar, Inc. v. FCC*, 564 F.3d 476, 483–84 (D.C.Cir.2009).

The Commission correctly dismissed Beach TV's claims that it lacked notice of the conditions for a license and that it was the victim of disparate treatment. Both claims were untimely under 47 C.F.R. § 1.106(b), since, though the relevant facts and circumstances were known to Beach TV at the time of its initial Application for Review, Beach TV raised them only on petition for reconsideration of the Commission's Order.

Finally, Beach TV raises two claims that are not barred on appeal but lack merit. First, it argues that the Commission incorrectly rejected its certification under 47 U.S.C. § 336(f)(1)(B), which required the Commission to grant a certification "[a]bsent a material deficiency." The Commission concluded that Beach TV's failure to certify its compliance with any of the requirements for eligibility constituted a material deficiency. That conclusion was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Second, Beach TV argues that the Commission should have extended the statutory deadline for submission of the certification of eligibility. The Commission's decision to enforce the deadline was not arbitrary or capricious. Indeed, this Court has affirmed the enforcement of similar deadlines. For example, this Court has discouraged the Commission from accepting untimely petitions for reconsideration absent "extremely unusual circumstances." *Virgin Islands Telephone Corp. v. FCC*, 989 F.2d 1231, 1237 (D.C.Cir.1993). The statutory deadline at issue in this case is unequivocal: 47 U.S.C. § 336(f)(1)(B) specifies that "[w]ithin 60 days ..., licensees ... *shall* submit to the Commission a certification of eligibility" (emphasis added).

The Commission did not act arbitrarily or capriciously in concluding that Beach TV's only timely certification was materially deficient, and Beach TV's other claims are barred on jurisdictional or procedural grounds.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R.APP. P. 41(b); D.C.CIR. R. 41.